

Gregory Koerner, *Esq.*

233 Broadway, Suite 2208
New York, NY 10279
Telephone 212.461.4377
Facsimile 212-453-0658
Website: www.koerner-associates.com

October 21, 2014

Hon. Judge Katherine Polk Failla
United District Court
Southern District of New York
500 Pearl Street, Rm 2210
Courtroom 17A
New York, NY 10007

Re:   **Britt v. Thermald Realty, et al.**
      **Case No: 13-cv-8289**
      **Request for Stay**

Hon. Judge Failla:

I write to inform the Court that the Plaintiff has reached a settlement in principle with the Wavecrest Defendants ( Wavecrest Management Team, Ltd. d/b/a WavecrestManagement Group LLC and Wavecrest Equities, LLC).

In light of this development and this Court's prior refusal to allow Plaintiff to amend the complaint or stay this action, Plaintiff respectfully requests that this Court allow Plaintiff to discontinue this action without prejudice pursuant to Fed. R. Civ P. §41(a)(2). Plaintiff has sought the consent of Jane Bilus Gould, counsel for the remaining defendants, to this request for a discontinuance without prejudice and such consent has been refused.

It is well settled that Plaintiffs in this Court have a right to discontinue an action without prejudice unless such dismissal would prejudice defendants in some way other than by the mere prospect of being harassed and vexed by future litigation of the same kind. See *Camilli v. Grimes*, 436 F.3d 120 (2d Cir. N.Y. 2006); *Alexander v. Richardson-Merrell, Inc.*, 541 F. Supp. 93 (S.D.N.Y. 1982); *In re Estate of Janowitz*, 164 Misc. 936 (N.Y. Sur. Ct. 1937); *Whitall-Tatum v. Corning Glass Works*, 11 F. Supp. 338 (D.N.Y. 1935); *Ex parte Skinner & Eddy Corp.*, 265 U.S. 86 (U.S. 1924); *White v. White*, 84 Misc. 114 (N.Y. Sup. Ct. 1914); *Walsh v. Walsh*, 33 A.D. 579 (N.Y. App. Div. 1898).

Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper. One line indicates that such a dismissal would be improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 67 S. Ct. 752, 91 L. Ed. 849 (1947); *see Jones v. SEC*, 298 U.S. 1, 19, 56 S. Ct. 654, 80 L. Ed. 1015 (1936). Another line

indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors, including (1) the plaintiff's diligence in requesting the discontinuance, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss. See *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996); *Zagano*, 900 F.2d at 14. See *Camilli v. Grimes*, 436 F.3d 120 (2d Cir. N.Y. 2006). The instant request for a discontinuance without prejudice should be granted pursuant to either line of authority.

Specifically, and with respect to the first line of authority, the Defendants Thermald and Alderman would suffer no "plain legal prejudice" other than the the mere prospect of a second lawsuit. As a condition to the discontinuance without prejudice of the instant action, the Plaintiff hereby waives his right to renew this action in Federal Court and additionally waives his right to seek any additional discovery in State Supreme Court. Further, on or about October 3rd, 2014, the Plaintiff unsuccessfully requested that the instant action be stayed to allow the Plaintiff to assert claims against the Defendants in New York State Supreme Court pursuant to NYC Human Rights Law §8-107. Accordingly, the Defendants are on notice of Plaintiff's intent to assert claims pursuant NYC Human Rights Law §8-107. Defendants cannot claim any plain legal prejudice as a result of the Plaintiff discontinuing this action without prejudice.

With respect to the Zagano factors, **(1)** the Plaintiff has been diligent in attempting to assert claims under NYC HRL §8-107. Upon becoming aware of the oversight of not including claims pursuant to NYC HRL §8-107, Plaintiff immediately sought every available remedy to rectify the error including seeking leave to amend the Complaint (denied) and leave to stay the instant action (denied). Plaintiff received the order denying his motion for a stay on October 10th, 2014 and is now moving to discontinue this matter without prejudice. Accordingly, Plaintiff has been diligent in making the reuest to discontinue. **(2)** There is no "undue vexatiousness" on Plaintiff's part. Plaintiff is seeking to remedy deficiencies in his Complaint and has exhausted all potential remedies and is therefore seeking leave to discontinue this action without prejudice with the intent to bring claims against the Defendants in New York State Supreme Court. **(3)** Although it is true that the instant matter has progressed past the discovery stage and a briefing schedule for summary judgment motions has been set, no trial date has been scheduled. Plaintiff has already waived herein his right to any further discovery in this matter in the State Supreme Court. Additionally, the Plaintiff's claims pursuant to NYC HRL §8-107 arise from the same events and occurences underlying the instant action, thus any additional expense or need for preparation with respect to a potential State Court action would be minimal and almost identical to the expense and preparation they will have to incur in defending the instant case in this Court. **(4)** With respect to the duplicative expense of relitigation, Plaintiff's have additionally waived any right to renew claims related to this matter in Federal Court, as well as any rights to additional discovery in State Court, indeed Plaintiff would seek to move the matter to trial in State Court as swiftly as possible. **(5)** As previously stated, Plaintiff seeks to discontinue the instant action without prejudice with the intent of pursuing his claims in New York State Supreme Court in order to rectify deficiencies within the Complaint with respect to the failure to include claims pursuant to NYC HRL §8-107. It is the Plaintiff's contention that is a meritourious and valid reason for a discontinuance without prejudice. The only reason to deny the motion to discontinue without prejudice would be a desire to punish the plaintiff for an omission made by his attorney in the pleading of the complaint.

Finally, it should be noted that Plaintiff brings the instant motion well in advance of the November 17th, 2014 deadline for filing of Defendants' motions for summary judgment.

Consequently, and for the reasons stated herein, Plaintiff respectfully requests that this Court allow Plaintiff to discontinue the instant action without prejudice.

Respectfully Submitted,

Gregory Koerner

CC: Jeffrey S. Ettenger, via ECF Notification
Jane Bilus Gould, via ECF Notification