UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RONALD BRITT,

                         Plaintiff,

        v.

THERMALD REALTY I, L.P., *et al.*,

                        Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 6, 2014

13 Civ. 8289 (KPF)

ORDER

KATHERINE POLK FAILLA, District Judge:

     The Court is in receipt of Plaintiff's letter motion to voluntarily dismiss this action without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2) (Dkt. #38), Defendant's letter in opposition (Dkt. #44), and Plaintiff's reply (Dkt. #45).

     Voluntary dismissal without prejudice is not a matter of right, *see Zagano* v. *Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990), and "[i]t is within the district court's sound discretion to deny a Rule 41(a)(2) motion to dismiss," *Catanzano* v. *Wing*, 277 F.3d 99, 109 (2d Cir. 2001).

     "Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." *Camilli* v. *Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). "One line indicates that such a dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Id.* (citing *Cone* v. *West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Jones* v. *S.E.C.*, 298 U.S. 1, 19 (1936)). The second line involves consideration of the so-called *Zagano* factors, including: (i) "the plaintiff's diligence in bringing the motion";

(ii) "any 'undue vexatiousness' on plaintiff's part"; (iii) "the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial"; (iv) "the duplicative expense of relitigation"; and, finally, (iv) "the adequacy of plaintiff's explanation for the need to dismiss." *Id.* (citing, *inter alia*, *Zagano*, 900 F.2d at 14).

As an initial matter, Plaintiff is candid in acknowledging that he "seeks to discontinue the instant action without prejudice with the intent of pursuing his claims in New York State Supreme Court in order to rectify deficiencies within the Complaint with respect to the failure to include claims pursuant to [New York City Human Rights Law] § 8-107." (Dkt. #38 at 2). This is the same reason Plaintiff filed his motions for leave to amend the Complaint (Dkt. #21) and to stay this case (Dkt. #31), which motions the Court denied on October 3, 2014, and October 10, 2014, respectively (Dkt. #30, 36).

Having considered the procedural history of this case and the parties' submissions, the Court finds that dismissal without prejudice would be improper. *See Camilli*, 436 F.3d at 124 ("[T]he cause has proceeded so far that the [Defendants] [are] in a position to demand ... an opportunity to seek affirmative relief and [they] would be prejudiced by being remitted to a separate action." (quoting *In re Skinner & Eddy Corp.*, 265 U.S. 86, 93-94 (1924)). On October 3, 2014, the Court made a determination that Plaintiff would not be permitted to amend his Complaint to add claims under the New York City Human Rights Law because he had failed to demonstrate good cause for doing so at such a late stage. (*See* Dkt. #30, 42). "Plaintiff cannot get around his

own failure by obtaining a 'no harm-no foul' dismissal and taking a second bite of the apple in the State Supreme Court." *Galasso* v. *Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp. 2d 569, 574 (S.D.N.Y. 2004).

Furthermore, upon consideration of the *Zagano* factors, the Court finds that the balance weighs in favor of Defendants. Although Plaintiff has arguably been diligent in bringing this motion and has not been unduly vexatious, the Court believes that the other three *Zagano* factors warrant denial of Plaintiff's motion. In particular, with respect to the third and fourth factors, "the extent to which the suit has progressed" and the "the duplicative expense of relitigation," the Court notes that fact discovery closed more than three months ago, and that Defendants have been briefing their summary judgment motion since October 3, 2014. Additionally, with respect to the fifth *Zagano* factor, the Court finds Plaintiff's reason for seeking voluntary dismissal without prejudice — to circumvent this Court's Order denying leave to amend — to be inadequate.

Accordingly, Plaintiff's motion to voluntarily dismiss this action without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), is DENIED.

SO ORDERED.

Dated:  November 6, 2014
        New York, New York

_____
  KATHERINE POLK FAILLA
  United States District Judge